BATES & BATES, Appellants, *vs.* STEAMBOAT MADISON, Respondent.

1. The security in a bond for the forthcoming of a boat seized under the act concerning boats and vessels, is a competent witness for the boat, under the code.

2. Under the code, interest does not render a witness incompetent, unless he is a party to the suit, or a person for whose immediate benefit it is prosecuted or defended, or an assignor of a thing in action assigned for the purpose of making him a witness.

3. Under the act concerning boats and vessels, a boat cannot be held responsible for the breach of a contract of affreightment made by a person in possession of her as a trespasser.

*Appeal from St. Louis Court of Common Pleas.*

This was an action commenced against the steamboat Madison, under the act concerning boats and vessels. The petition

stated that, on the 17th of July, 1849, Thomas Rawlings, who was then using said boat and acting as master thereof, contracted to tow a wood-boat belonging to the plaintiff, from the upper ferry landing, in the city of St. Louis, to the foot of Ashley street, and that by the negligence of those in charge of the tow-boat, the wood-boat was lost, by which plaintiff was damaged to the amount of one hundred and seventy-five dollars. The boat was seized and released on a bond, in which Isaac H. Sturgeon was one of the securities.

Daniel A. Rawlings filed an answer on behalf of the boat, in which he stated that he was sole owner of the steamboat Madison, and that the contract was not made by the master of the boat, or by any one having authority to make such a contract. He stated that he was absent from the city at the time, and that before he left, the boat was laid up and left in charge of Howard Gray, his agent ; that Thomas Rawlings had no authority to use the boat, and so informed the plaintiff's agent at the time the contract was made, and that the plaintiff's agent assumed the risk of any damage. He further stated that the wood-boat was lost by the negligence of those having charge of it, and not by the negligence of those having charge of the tow-boat.

At the trial, Thomas Rawlings and Isaac H. Sturgeon were called as witnesses for the defendant, and admitted to testify by the court, notwithstanding an objection by the plaintiff.

There was evidence tending to show that Thomas Rawlings had acted as master of the Madison, at times before the making of the contract, and also evidence tending to show the contrary. There was evidence tending to establish the facts stated in the answer. It appeared that the contract to tow the wood-boat to the foot of Ashley street was made by Thomas Rawlings, in the absence of Daniel A. Rawlings, and that the wood-boat was left by the tow-boat a few hundred yards above the foot of Ashley street, and was lost in attempting to work down to the foot of Ashley street, after the Madison had left her. There was evidence tending to show that the wood-boat

Bates *v.* Steamboat Madison.

was left where she was, against the remonstrance of those hav-ing charge of her; that the place where she was left was a dangerous one, and that it was necessary for her safety that she should be removed. There was also some evidence tending to show that she was left above the foot of Ashley street, with the consent of those having her in charge.

The court instructed the jury that, if Thomas Rawlings used the boat Madison without the consent or knowledge of the owner, and against his will, after she had been laid up, they must find for the defendant. The jury were further instructed that, if Thomas Rawlings had previously been in the habit of using the boat for towing, and of acting as master thereof, with the knowledge of the owner, who did not dissent, they might presume that he used her in this instance with the own-er's knowledge and consent.

A large number of other instructions were given and refused, which need not be set out. There was a verdict and judgment for the defendant, from which the plaintiff appealed.

*Todd & Krum*, for appellant. The court erred in per-mitting Thomas Rawlings and Isaac H. Sturgeon to testify for the defendant. It is clear that they would have been incom-petent before the new code. Greenl. 394. Angel on Carriers, §469. Has the code (Art. 25, §1 and 2.) changed the rule? If it be conceded that they had a direct interest in the event of the suit, then the suit is defended for their benefit, within the meaning of the act. As to Sturgeon, he is a party to the re-cord within the meaning of the statute.

*C. C. Simmons*, for respondent. Sturgeon and Rawlings were competent witnesses, and it has so been decided by this court. *Wells* v. *Steamboat Madison*, 14 Mo. Rep. 360.

RYLAND, Judge, delivered the opinion of the court.

1. From the statement in the case, it will appear, at once, that the facts of this case are very similar to those of the case of *Wells against the Steamboat Madison*, reported in 14 Mo.

Rep. 360, and decided by this court at the March. term, 1851. The questions arising here are, in some respects, the same as those in the case of *Wells* v. *Steamboat Madison*—the admissibility of the witness, Sturgeon, and the witness Thomas Rawlings. In delivering the opinion of the court, in the case of *Wells and the Boat*, I used the following language : " I am satisfied that, under the provisions of the new code of practice in courts of justice, the witness, Sturgeon, was competent, and his testimony ought to have been received. This, too, without any other substitution in the forthcoming bond. Sturgeon was not a party ; he was only liable upon a contingency, and this liability affected only his credibility ; did not extend his competency."

2. In the opinion of this court, the witness, Sturgeon, was, without doubt, competent. He had no direct interest in the event of the action ; it was not prosecuted for him. In any event his liability was but contingent. The new code has done away with the objection to a witness on account of his interest. He must be a party to the action, or a person for whose immediate benefit it is prosecuted or defended ; or an assignor of a thing in action, assigned for the purpose of making him a witness, in order to be incompetent as a witness. Now, neither Sturgeon nor Thomas Rawlings stand in this condition before the court. They were, then, competent witnesses, each one. The design of the new code, in this particular, being to do away with the objection to witnesses, on account of interest, in order to support such an objection, the party offered must stand in the attitude mentioned in the statute, before he can be legally excluded as such. He must be a party, or one for whose immediate benefit the suit is prosecuted or defended, or an assignor, as pointed out in the act. This court will not add to this list of incompetency, nor seek to embrace doubtful cases within the range or circle of the list. These points, then, are ruled for the defendant below.

3. The instructions given by the court to the jury sufficiently explained the law of the case to them. These instructions

properly left the case, with the law thereon arising, fully and fairly explained to the jury, and they were enabled to determine the controversy between the parties, understandingly. Such being the case, this court will not interfere. The judgment of the court below is, therefore, affirmed, with the concurrence of the other judges.